IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

TOBIOUS BLACKWELL,

    Plaintiff,

v.                                                No. 15-1224

MADISON COUNTY, SHERIFF JOHN
MEHR, VANESSA STOWE, JASON
MANESS, SERGEANT SHEILA BROWN,
SERGEANT GLENN JARED, SERGEANT
MOZELLA GREER, CAPTAIN TOM
RUDDER, LIEUTENANT HAROLD PETTY
and RYAN MAYS,

    Defendants.

___

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' PARTIAL MOTION TO DISMISS
___

*INTRODUCTION*

    This action was initially brought on September 3, 2015, by the Plaintiff, Tobious Blackwell, against Defendants, Madison County, Tennessee (the "County"), as well as Sheriff John Mehr, Vanessa Stowe, Jason Maness, Sergeant Sheila Brown, Sergeant Glenn Jared,[1] Sergeant Mozella Greer, Captain Tom Rudder, Lieutenant Harold Petty[2] and Ryan Mays, sued in

---

[1] This Defendant's name was spelled "Jered" in the complaint. The parties appear to now be in agreement that the correct spelling is "Jared." The Clerk of Court is **DIRECTED** to change the docket to reflect the proper spelling of this Defendant's name.

[2] In the complaint, this Defendant was identified as Arnold Petty. In the motion to dismiss, the Defendants advised the Court that his correct name is Harold Petty. Blackwell's response to the motion does not dispute this assertion. Accordingly, the Clerk of Court is **DIRECTED** to correct the docket to reflect the name of this Defendant as Harold Petty.

1

their individual capacities.[3] Plaintiff alleged violations of the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. Pending before the Court is Defendants' partial motion to dismiss in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 18.)

*STANDARD OF REVIEW*

The Rule permits a court to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). A complaint "must contain either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 774 (6th Cir. 2015) (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)) (internal quotation marks omitted); *see also Long v. Insight Commc'n of Cent. Ohio, LLC*, 804 F.3d 791, 794 (6th Cir. 2015) ("To survive a 12(b)(6) motion, the complaint must contain enough facts to state a claim to relief that is plausible on its face," citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a Rule 12(b)(6) motion, the court must "constru[e] the complaint in the light most favorable to the plaintiff[], accept[] [his] well-pleaded factual allegations as true, and draw[] all reasonable inferences in [his] favor." *Allied Erecting & Dismantling Co., Inc. v. Genesis Equip. & Mfg., Inc.*, 805 F.3d 701, 707 (6th Cir. 2015) (quoting *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045 (6th Cir. 2015)).

---

[3]In their motion to dismiss, the Defendants request, in the event the Court interprets any of Blackwell's allegations against them as "official capacity" claims, that such claims be dismissed. As the Court has not done so herein, it will not address the Defendants' assertions with respect to official capacity.

*THE MOTION*

The Defendants seek dismissal of (1) claims against Brown, Jared, Greer and Mehr (sometimes referred to herein as the "Rule 12(b)(6) Defendants"); (2) Tennessee state law claims; and (3) claims for punitive damages. In response, Plaintiff has clarified that he sought neither damages under state law nor punitive damages from the County.[4] Thus, the motion to dismiss these nonexistent claims is DENIED as moot. The Court will at this point turn to the remaining grounds for dismissal.

*FACTS ALLEGED*

The following allegations are set forth in the complaint. Mehr is the County Sheriff and the remaining Defendants are current or former County employees. Blackwell was incarcerated in the Madison County Jail (the "Jail") on or about July 22, 2014. At that time, he was prescribed certain medications, including a generic form of Seroquel, to address mental health issues. In August 2014, the inmate submitted various grievances to Jail officials because he was not receiving his medications. When his complaints were ignored, he voiced suicidal tendencies in order to draw attention to his plight. As a result, he was placed in an observation cell.

On September 3, 2014, Lieutenant Sylvia Anderson and Sergeant Victoria Cox entered the observation area. While they were there, Anderson and Blackwell got into a verbal disagreement, which prompted the officer to place paper over his cell window. She also called

---

[4]The introduction of the complaint stated that "[t]his is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution, *and under the common law of the State of Tennessee* . . ." (D.E. 1 ¶ 1 (emphasis added).) In his response to the dispositive motion, Plaintiff made clear that he was asserting only federal claims, explaining that reference to state law claims in the complaint's introductory paragraph was inadvertent. With respect to the punitive damages claim, the complaint clearly requested an "[a]ward [of] punitive damages against the *individual Defendants*." (*Id.* at 13 (emphasis added).)

3

him a "monkey" in front of Cox. Anderson was terminated for her behavior and appealed her firing to the Civil Service Commission. Plaintiff testified as a witness at the proceeding.

Following the discharge of Anderson, who had been a longtime, well-liked employee at the Jail, Blackwell was disciplined on three occasions in rapid succession. On October 23, 2014, Defendant Maness refused to provide Plaintiff with his medications during his regular rounds. Maness indicated on a form that Blackwell refused his medication but later changed it to reflect that the inmate refused to sign the medication sheet. Because of his purported refusal of his medication, Plaintiff was locked down for three days and lost three weeks of commissary and visitation privileges without a hearing. The discipline was approved by Defendant Brown.

On November 5, 2014, Blackwell's uniform was returned to him wet from the laundry. He went to the door of his pod and notified Defendant Stowe that it needed to be dried. She disciplined him for not being "properly dressed," refusing to listen to his explanation. In her report, Stowe remarked that "[l]ately, inmate Blackwell has been a problem one way or another[.]" (D.E. 1 ¶ 37.) The next day, "Defendant Stowe summarily took two (2) weeks of visitation [from Plaintiff, which was] approved by Defendant J[a]red[.]" (*Id.* ¶ 38.) No hearing was conducted.

> On November 6, 2014, Plaintiff requested to be placed on lockdown in an attempt to get "up front," and to receive a response to his grievances from jail administrators; for this request, he was written up for "behavior," and another two (2) weeks of commissary and two (2) weeks of visitation [were] taken from him summarily by Defendant Ryan Mays, approved by Defendant Greer[,]

again absent a hearing. (*Id.* ¶ 39.)

During several of these incidents, the disciplining officers referenced Anderson's termination, leading Blackwell to believe the real basis for the punishment was retaliation. He

4

filed grievances concerning the absence of advance notice of his disciplinary charges, a hearing, and opportunities to call witnesses and appeal, all to no avail.

Plaintiff was also placed in a pod with federal inmates being held pending transport to other facilities. He remained there until his release from the Jail in May 2015. The pod, designated as C104, consisted of a single room with one connecting shower stall and toilet. The cell contained eight bunks but consistently housed twelve to thirteen individuals. Because federal inmates were required to sleep on a bunk, state and local prisoners, including Blackwell, were forced to sleep on the floor. The occupants were never permitted to leave the cell for exercise, fresh air or outdoor recreation. In addition, C104 was plagued by black mold and mildew, which was brought to the attention of Jail officials but never meaningfully addressed.

While he was housed in C104, Blackwell, who ascribes to the beliefs of the Moorish Science Temple of America, a subsect of Islam, requested that he be allowed to keep a copy of a book called the "Moorish Signs – Circle Seven." Defendant Petty denied permission, calling its contents "racist."

*ASSERTIONS OF THE PARTIES AND ANALYSIS*

Sufficiency of Allegations Against Rule 12(b)(6) Defendants.

As outlined in the previous section, the only specific allegations of constitutional violations by Brown, Jared and Greer involve approval of discipline doled out to Blackwell for alleged misbehavior. Plaintiff avers that these Defendants violated his right to due process by approving discipline without proper notice and a hearing in connection with the October 23, November 5 and November 6, 2014, incidents. He alleges that Mehr's failure to correct the overcrowded and moldy conditions of the Jail amounted to cruel and unusual punishment in violation of the Eighth Amendment.

The basis for the motion to dismiss claims against the Rule 12(b)(6) Defendants is a lack of allegations of their personal involvement in the violation of Blackwell's constitutional rights. According to the Plaintiff, his allegations against these Defendants are grounded in the theory of supervisory liability. "Section 1983 liability . . . cannot be premised solely on a theory of *respondeat superior*, or the right to control employees." *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (citing *Hays v. Jefferson Cty.*, 668 F.2d 869, 872 (6th Cir. 1982)). "Supervisory officials are not liable in their individual capacities unless they either encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Hays*, 668 F.2d at 874) (internal quotation marks omitted). Thus, "proof of personal involvement is required for a supervisor to incur personal liability." *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). The complaint must "allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Moniz v. Cox*, 512 F. App'x 495, 499 (6th Cir.) (quoting *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)), *cert. denied*, 134 S. Ct. 149 (2013).

With respect to Defendants Brown, Jared and Greer, Blackwell alleged in Count I of the complaint that they actively approved the imposition of discipline which he asserted violated his right to due process. Thus, it appears to the Court that he has sufficiently averred that these Defendants at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct to survive a Rule 12(b)(6) motion. In doing so, the Court renders no opinion as to the merits of the due process claim, however, as the Defendants have not presented

any argument on that issue. The motion to dismiss the claims against these Defendants is DENIED.

Defendant Mehr, as noted herein, is the County Sheriff. The claims against him appear in Count II of the complaint, in which Blackwell asserts Eighth Amendment claims arising from conditions at the Jail. The sole allegations directed at this Defendant are contained in Paragraphs sixty-five and sixty-nine of the complaint. Therein, Plaintiff avers that "[t]he care and custody of inmates is delegated to the Sheriff (Defendant Mehr) and his designees pursuant to State law" (D.E. 1 ¶ 65) and "Sheriff Mehr and/or his designee, Defendant Rudder, denied the Plaintiff's Eighth Amendment rights, as aforementioned, resulting in cruel and unusual punishment" (*id.* ¶ 69).

Unlike the other Rule 12(b)(6) Defendants, the complaint does not allege that Mehr at least implicitly authorized, approved, or knowingly acquiesced in the violation of Plaintiff's constitutional guarantees. In this Circuit, a supervisory official's failure to remedy an allegedly unconstitutional situation is insufficient to establish § 1983 liability. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Where the complaint premises liability on individual supervisory defendants based upon their supposed knowledge of general conditions in a jail facility that posed a risk to all inmates, including overcrowding, the allegations have been equated more with municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), than individual responsibility under a failure to supervise theory. *See Stojcevski v. Cty. of Macomb*, ___ F. Supp. 3d ___, 2015 WL 6865751, at *8-9 (E.D. Mich. Nov. 9, 2015); *see also Porter v. Louisville Jefferson Cty. Metro. Gov't*, Civ. Action No. 3:13CV-923-H, 2014 WL 6883268, at *6 (W.D. Ky. Dec. 5, 2014) ("simply pointing to the fact that [municipal corrections department director] [was] in charge of the [facility] does not state a § 1983 claim."). Accordingly, the

motion to dismiss Blackwell's claims against Mehr is GRANTED and the claims are DISMISSED.

Punitive Damage Claims Against the Individual Defendants.

Punitive damages are permitted under § 1983, even though the statute does not specifically provide for them. *Smith v. Wade*, 461 U.S. 30, 34-35 (1983); *Arbuckle v. City of Chattanooga*, 696 F. Supp. 2d 907, 932 (E.D. Tenn. Mar. 8, 2010). Such damages "are appropriate in a § 1983 action when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *King v. Zamiara*, 788 F.3d 207, 216 (6th Cir. 2015) (quoting *Smith*, 461 U.S. at 56) (internal quotation marks omitted), *cert. denied*, 2016 WL 100373 (U.S. Jan. 11, 2016). They are, however, "never awarded as of right, no matter how egregious the defendant's conduct." *Id.* at 217 (quoting *Smith*, 461 U.S. at 52). "Rather, once the plaintiff proves that the defendant's conduct triggers consideration of punitive damages, the factfinder makes the discretionary moral judgment whether or not to award punitive damages." *Id.* (citing *Smith,* 461 U.S. at 52) (internal quotation marks omitted). "In exercising [its] discretion, the factfinder should consider that the purpose of punitive damages is to punish the defendant for his willful or malicious conduct *and* to deter others from similar behavior." *Id.* (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 n.9 (1986)) (internal alterations & quotation marks omitted); *see also Arnold v. Wilder*, 657 F.3d 353, 369 (6th Cir. 2011) (punitive damages "are aimed at deterrence and retribution"). "Because punitive damages are a mechanism for punishing the defendant for willful or malicious conduct, they may be granted only on a showing of the requisite intent." *King,* 788 F.3d at 216 (citing *Stachura*, 477 U.S. at 306 n.9) (internal quotation marks omitted).

Construing the complaint in the light most favorable to the Plaintiff, it cannot be said at this stage of the litigation that the factual allegations supporting Blackwell's request for punitive damages are insufficient as a matter of law. Thus, the motion to dismiss the request is DENIED. *See Laning v. Doyle*, No. 3:14-cv-24, 2015 WL 710427, at *18-19 (S.D. Ohio Feb. 18, 2015) (Rule 12(b)(6) motion to dismiss punitive damages claims denied where district court could not, at early point in the proceedings, determine that the factual allegations offered in support of those claims fell short as a matter of law).

## *CONCLUSION*

In sum, for the reasons set forth herein, the Defendants' partial motion to dismiss is DENIED as moot as to Plaintiff's claims under state law and his request for punitive damages against the County, GRANTED as to Blackwell's claims against Defendant Mehr, and DENIED as to the remainder.

IT IS SO ORDERED this 11th day of January 2016.

s/ J. DANIEL BREEN
CHIEF UNITED STATES DISTRICT JUDGE
